**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**PORTLAND DIVISION**

Case No.      **3:13-cv-01321-BR**                                                    Date: **August 15, 2013**

Case Title:   **Jody P. et al. v Petersen**

Presiding Judge:  **Anna J. Brown**                                     Courtroom Deputy:  **Bonnie Boyer**

**DOCKET ENTRY:** Order

      The Court heard argument on Plaintiffs' Motion (#8) for Temporary Restraining Order. Plaintiffs appeared through counsel, including Daniel E. Thenell. Defendant Robert Petersen, who is incarcerated by the State of Oregon in the Two Rivers Correctional Institution, participated by telephone. Also appearing were attorneys Arthur B. Knauss and Bradley Lechman-Su on behalf of Linda Lee Petersen, Defendant's wife, who is not a party to these proceedings.

      Because Defendant Petersen noted for the record that he has not yet been served with Summons and Complaint nor with a copy of the Motion for Temporary Restraining Order, the Court summarized the nature of Plaintiffs' allegations and the relief sought in their Motion (#8). The Court heard argument from all participating counsel and from Defendant Petersen. Based on a thorough consideration of the record, the Court **FINDS**:

1.    Plaintiffs are likely to succeed on the merits of their civil claims against Defendant in light of Defendant's criminal conviction(s) for the same conduct that underlies Plaintiffs' claims;

2.    Any risk of irreparable harm to Plaintiffs arising from dissipation of Defendant's assets is reduced by the fact that the Clackamas County Circuit Court, in a domestic-relations action pending between Defendant and his wife, Linda Lee Peterson, Case DR-13050728, has already frozen Defendant's assets and restrained him from transferring his assets by way of the court's May 22, 2013, *Ex Parte Temporary Restraining Orders*. As long as Defendant and his Attorney-in-Fact, James Peterson of Prineville, Oregon, comply with the Clackamas County Restraining Orders, the risk of irreparable harm is minimal. Because Plaintiffs are not parties to that action, however, there remains a risk to them of dissipation of Defendant's assets based on the record established in the Clackamas County case.

3.    The balance of equities fall sharply in Plaintiffs' favor.

4.    No security for a Temporary Restraining Order in this matter should be required of Plaintiffs notwithstanding Federal Rule of Civil Procedure 65(c) because there is not any likelihood that this Court's action will wrongfully restrain Defendants.

Accordingly, the Court **GRANTS in part** Plaintiffs' Motion (#8) as follows: Defendant and his Attorney-in-Fact, James Petersen, upon actual notice of this Order, are ordered to comply with the May 22, 2013, Temporary Restraining Orders issued in Clackamas County Circuit Court Case No. DR-13050728 for as long as those Orders remain in effect, plus ten (10) days in order to provide Plaintiffs with sufficient time to seek relief from this Court if those orders are extinguished or otherwise vacated.

Plaintiffs' counsel, Daniel Thenell, shall prepare a form of Temporary Restraining Order for this Court's consideration after approval as to form by Messrs. Knauss and Lechman-Su. Plaintiffs' counsel shall also provide Defendant Petersen with copies of Summons and Complaint, the Motion for Temporary Restraining Order, and the formal Temporary Restraining Order that this Court enters. The Clerk shall send to Defendant Petersen by United States Mail a copy of this Order.

The matter is now returned to Magistrate Judge Papak for further proceedings after Plaintiffs establish proof of service on Defendant Robert Petersen.